**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SOUTHERN LAND CONSORTIUM, L.L.C.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.:** |
| | * | |
| **TRI NATIVE CONTRACTORS, INC.** | * | **SECTION:** |
| **JOSEPH A. DARDAR** | * | |
| **WALTON J. DARDAR** | * | **MAGISTRATE:** |
| * * * * * * * | * | * * * * * |

**COMPLAINT**

The Complaint of Southern Land Consortium, L.L.C. ("Southern"), a Nevada limited liability company with its domicile and principal place of business in the County of Travis, State of Texas, respectfully represents as follows:

1.

Made defendant herein is Tri Native Contractors, Inc. ("TN"), a Louisiana corporation with its domicile and principal place of business in Jefferson Parish, Louisiana.

2.

Made defendant herein is Joseph A. Dardar ("Dardar"), an individual of the age of majority who is domiciled in Jefferson Parish, Louisiana.

3.

Made defendant herein is Walton J. Dardar, an individual of the age of majority who is

-1-

domiciled in Jefferson Parish, Louisiana.

4.

This case is subject to federal jurisdiction under 28 U.S.C. §1332 as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Plaintiff Southern is a citizen of Texas since it is formed under Texas law and has its principal place of business in Texas. Defendant TN is a citizen of Louisiana as it is incorporated under Louisiana law and has its principal place of business in Louisiana. Defendant Dardar is a citizen of Louisiana as he is domiciled in Louisiana. Defendant Walton J. Dardar is a citizen of Louisiana as he is domiciled in Louisiana.

5.

Under 28 U.S.C. §1391, venue is proper in the Eastern District of Louisiana as the defendants reside in this district and a substantial part of the events giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, in this district.

6.

Southern loaned $340,000.00 to TN and Dardar to, among other things, enable TN to purchase an Ammco Dredge Model PD10S S/N 5053 (used) ("Dredge").

7.

Southern's loan is evidenced by that certain Balloon Note (the "Note") dated November 12, 2008, executed by TN and Dardar, in the original principal amount of THREE HUNDRED FORTY THOUSAND AND NO/100 ($340,000.00) DOLLARS, with interest and other charges, costs and expenses accruing thereon as set forth therein. Southern is the holder and owner of the Note. A copy of the Note is attached hereto as *Exhibit P-1*.

8.

The Note is secured by a mortgage against parcels of real estate, the Dredge, and the M/V Miss Virginia ("Vessel"), official number 291667, as more fully described in Exhibit A and Exhibit B thereto (collectively "Mortgaged Property") granted by TN and Dardar in an authentic Multiple Indebtedness Mortgage (the "Mortgage") dated November 12, 2008, which is recorded in the mortgage records of Jefferson Parish. A copy of the Mortgage is attached hereto as *Exhibit P-2*.

9.

The Note is further secured by a security interest in all of TN's assets, including but not limited to proceeds of contracts, sales and leases, equipment, furniture, fixtures, bank accounts, accounts receivable, assignments, mortgages, promissory notes, lawsuits, movable property, immovable property, stocks, bonds, cash and anything else of value owned by or on behalf of TN (the "Assigned Assets"), granted by TN in a Collateral Assignment dated November 13, 2008. Southern filed a UCC-1 Financing Statement covering the Assigned Assets and the Dredge on October 30, 2009. A copy of the Collateral Assignment is attached hereto as *Exhibit P-3* and a copy of the UCC-1 Financing Statement is attached hereto as *Exhibit P-4*.

10.

The Note is further secured by a security interest in TN's rights to proceeds due and payable pursuant to the contract for dredging between TN and Grillot Construction, L.L.C. and the Louisiana Department of Transportation (the "Contract Proceeds") granted by TN in an Assignment of Dredging Proceeds dated November 12, 2008. Southern filed a UCC-1 Financing Statement covering the Contract Proceeds on October 30, 2009. A copy of the Assignment of Dredging Proceeds is attached hereto as *Exhibit P-5* and a copy of the UCC-1 Financing

Statement is attached hereto as *Exhibit P-6*.

11.

Dardar guaranteed the full payment of the indebtedness owed under the Note and all documents related thereto pursuant to the Commercial Guaranty dated November 12, 2008. A copy of the Commercial Guaranty is attached hereto as *Exhibit P-7*.

12.

The Note matured and became fully due and owing on May 31, 2009. Despite demand to TN and Dardar, the Note has not been paid in full.

13.

The amounts due on the Note is as follows:

Balance as of maturity:                                              $357,000.00
Default fee:                                                        $ 89,250.00
Plus interest, late charges, attorneys' fees and
other amounts as set forth in the Note until the
Note is paid in full.

14.

In preparing to enforce its rights herein, Southern learned that approximately two months prior to the maturity date of the Note, on April 7, 2009, TN transferred the Vessel to Walton J. Dardar, who upon information and belief is the father of Dardar. According to Coast Guard records, the stated consideration for TN's transfer of the Vessel to Walton J. Dardar was $100.00. A copy of the Coast Guard record reflecting the transfer of the Vessel is attached hereto as *Exhibit P-8*.

15.

Upon information and belief, the transfer of the Vessel by TN to Walton J. Dardar caused or increased the insolvency of TN.

16.

Accordingly, pursuant to Louisiana Civil Code article 2036, Southern requests that the transfer of the Vessel and the transfer of any and all other property within three (3) years of the commencement of this action, by TN that caused or increased its insolvency, be revoked.

17.

In addition, by transferring the Vessel so as to remove it from the ambit of the Mortgage, TN, Dardar and Walton J. Dardar are in bad faith and/or liable for fraud. Defendants' actions are an attempt to deprive Southern of its collateral and the benefit of its bargain. The Defendants' actions constitute a bad faith breach of the terms of the Mortgage and the documents related thereto as well as fraud, misrepresentation and an unfair trade practice. Accordingly, the Defendants are liable to Southern for all of the damages suffered by Southern as a result of their actions, including but not limited to the value of the Vessel, attorney's fees, inconvenience, loss of use of funds caused by the delay in foreclosing on the collateral and realizing the value therefore, and other damages.

18.

Southern requests that the Court enter judgment: (i) against TN and Dardar for the full amount due under the Note; (ii) against TN and Dardar recognizing Southern's mortgage, lien and security interest on and in the Mortgaged Property, the Assigned Assets, and the Contract Proceeds and that the full amount due under the Note is secured by the mortgage, lien and security interests on and in the Mortgaged Property, the Assigned Assets, and the Contract Proceeds; (iii) against TN, Walton J. Dardar, and Dardar revoking the transfer of the Vessel and the transfer of any and all other property within three (3) years of the commencement of this action, by TN that caused or increased its insolvency; (iv) against TN and Dardar recognizing the

validity, perfection and effect of the Mortgage on the Vessel upon the revocation of the transfer of the Vessel and Southern's recordation of the Mortgage in the Coast Guard records; (v) against TN and Dardar authorizing Southern to fully enforce its mortgage, lien and security interest on and in the Mortgaged Property, the Assigned Assets, and the Contract Proceeds, to satisfy or partially satisfy the judgment herein; and (vi) against TN, Dardar and Walton J. Dardar for all damages, including without limitation attorneys fees, arising from the bad faith, bad faith breach of contract, fraud, and /or unfair trade practice associated with the transfer of the Vessel or other property as described herein.

WHEREFORE, Southern Land Consortium, L.L.C. prays for judgment herein (i) against TN and Dardar for the full amount due under the Note; (ii) against TN and Dardar recognizing Southern's mortgage, lien and security interest on and in the Mortgaged Property, the Assigned Assets, and the Contract Proceeds and that the full amount due under the Note is secured by the mortgage, lien and security interests on and in the Mortgaged Property, the Assigned Assets, and the Contract Proceeds; (iii) against TN, Walton J. Dardar, and Dardar revoking the transfer of the Vessel and the transfer of any and all other property within three (3) years of the commencement of this action, by TN that caused or increased its insolvency; (iv) against TN and Dardar recognizing the validity, perfection and effect of the Mortgage on the Vessel upon the revocation of the transfer of the Vessel and Southern's recordation of the Mortgage in the Coast Guard records; (v) against TN and Dardar authorizing Southern to fully enforce its mortgage, lien and security interest on and in the Mortgaged Property, the Assigned Assets, and the Contract Proceeds, to satisfy or partially satisfy the judgment herein; (vi) against TN, Dardar and Walton J. Dardar for all damages, including without limitation attorneys fees,

arising from the bad faith, bad faith breach of contract, fraud, and/or unfair trade practice associated with the transfer of the Vessel or other property as described herein; and (viI) and for all other relief to which Southern Land Consortium, L.L.C. is entitled at law or in equity.

Respectfully submitted,
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, L.L.C

By: _____

David F. Waguespack (#21121)
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Telecopier: (504) 585-3801

Attorneys for Southern Land Consortium, L.L.C.